# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 7, 2011 Session

## ROGER LEE NEAL v. KELLI JEAN HAYES

**Appeal from the Circuit Court for Knox County, Fourth Circuit**
**Nos. 97711, 97713, 97727     Bill Swann, Judge**

---

**No. E2011-00898-COA-R3-CV-FILED-JANUARY 30, 2012**

---

This case arises from a long-running legal dispute between Roger Lee Neal ("Neal") and Kelli Jean Hayes ("Hayes") concerning their minor child ("the Child"). Neal and Hayes disputed, among other things, custody matters relating to the Child. In March 2011, the Circuit Court for Knox County, Fourth Circuit ("the Trial Court"), entered an order confirming findings of the Special Master, Sarah Higgins ("the Special Master") and resolving numerous contested issues. In the same order, the trial judge, Judge Swann, stated, in effect, that he no longer could be neutral towards Neal because of Neal's villainous statements about the Special Master and Neal's "admitted perjury" and recused himself from any further participation in these cases. Husband appeals, arguing, in part, that Judge Swann could not simultaneously rule on the Special Master's findings and recuse himself because of lack of neutrality. We hold that as both the Special Master and Judge Swann expressed an understandable lack of neutrality in their findings and order, respectively, the Trial Court's March 2011 order is vacated, and we remand for further proceedings to be held before a neutral court. We vacate the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and JOHN W. MCCLARTY, JJ., joined.

Roger Lee Neal, pro se appellant.

Kelli Jean Hayes, pro se appellee.

# OPINION

## Background

This case has a long and bitterly contentious history, most of which is superfluous to our review. Apparently this legal battle started several years ago when Neal filed his Petition to Establish Parentage and for Immediate Injunctive Relief against Hayes in the Trial Court in which he sought to be designated the primary residential custodian of the Child, subject to a supervised or restricted co-parenting schedule.[1] In March 2008, the Trial Court appointed the Special Master pursuant to Tenn. R. Civ. P. 53. The Special Master later entered an order terminating supervised visitation by Hayes and providing for unsupervised visitation. Neal went on to file motions of recusal as to both the Special Master and the trial judge, Judge Swann. In June 2010, Neal and Hayes signed a Permanent Parenting Plan.

In her November 2010 findings[2], the Special Master stated:

This cause came on to be heard on the 20th day of March, 2008, the 7th day of May, 2008, the 14th day of July, 2008, the 13th day of August, 2008, the 18th and 19th days of September, 2008, the 13th and 14th days of October, 2008, the 24th day of November, 2008, the 26th and 27th days of May, 2009, the 25th and 26th days of September, 2009, the 4th day of December, 2009, the 13th, 19th, 25th and 27th days of January, 2010, the 15th, 23rd and 29th days of March, 2010, the 19th and 21st days of April, 2010, the 3rd and 10th days of May, 2010 and the 30th day of June, 2010 before the Special Master, Sarah Swanson Higgins, who, upon argument of counsel and pro se litigants, the testimony of the witnesses, Exhibits 1 through 170, and the record as a whole, hereby finds as follows:

1. During the pendency of this proceeding, the Plaintiff, Roger Neal has filed many pleading[s] which cast false aspersions upon the Special Master's actions and which cast her in a false light. Prior to the receipt of his Motion on October 20, 2010, which requests the Special Master to recuse herself and

---

[1] This complaint was in case #97713. Cases #97711 and #97727 pertain to Orders of Protections. The three cases are combined in this appeal.

[2] Both parties have filed motions during the pendency of this appeal. We deferred ruling on these motions until the panel hearing this case convened. We grant Neal's motion to supplement the record for the limited purpose of admitting the November 2010 findings of the Special Master. All else presented for our consideration in the motions is moot, given our judgment.

which additionally contains many false statements and accusations, the Special Master had already decided to recuse herself as she felt she could no longer maintain neutrality in these matters, primarily due to Mr. Neal's false accusations and character assassinations.

2.     During the hearing on January 13, 2010, Mr. Neal admitted to lying in his testimony while under oath. Because of his admission of perjury, it is recommended that this matter be referred to the District Attorney for Knox, County, Tennessee for prosecution of Mr. Roger Neal for perjury. This finding also requires the Special Master to recuse herself from this matter.

3.     It is found that, having had the parties before her for 26 days over 33 months, the Special Master has formulated the opinion that neither of the parties to this action has a fear of the others actions and that each is using the Order of Protection to control and punish the other.

4.     It is found that the parties freely, willingly and with attorneys present for settlement negotiations, executed a Permanent Parenting Plan, resolving all matters before the Fourth Circuit court in that file. Mr. Neal himself began the settlement negotiations in open court on April 21, 2010 when he announced that he wished for Ms. Hayes to have unsupervised co-parenting time with the minor child. Other than the attempts by the parties to alter, amend or void the agreed Permanent Parenting Plan, the only matter currently before the Fourth Circuit court in the parenting matter is the Defendant's appeal of the Child Support Magistrate's 2009 ruling, which she properly took exception from and which was mistakenly confirmed before the matter was heard by the Court.

No transcript is available to be filed with these Findings.

Later, in March 2011, the Trial Court entered an order confirming the findings of the Special Master, stating:

Be it remembered that 3 November 2010 Special Master Sarah Swanson Higgins filed findings, required pursuant to orders committing the captioned matters to her 8 February 2008. The parties were duly noticed to court to present any objection(s) they might have to the Special Master's report. That hearing took place 23 March 2011. At that time the parties lodged certain objections, and also testified at length as to various matters which concerned them. The parties continue to be deeply dissatisfied with each other. Their counsel were present 23 March 2011: Billy Sams, Esq., and

Mary Evars-Goan, Esq.

As to numbered paragraph one of the Special Master's Findings, the undersigned <u>affirms</u> the Special Master's decision to recuse herself because of lost judicial neutrality, a loss attributed to "Mr. Neal's false accusations and character assassinations" of the Special Master.

As to numbered paragraph two, the undersigned notes with distress and disapproval that Mr. Neal admitted perjury in open court 13 January 2010. The undersigned <u>affirms</u> the Special Master's Recommendation that this matter of perjury be referred to the District Attorney for Knox County, Tennessee, for prosecution. The undersigned notes that this Finding of perjury by the Special Master additionally underlines the advisability of her recusal.

As to numbered paragraph three of the Special Master's Findings, and from a review of the three records as a whole, the undersigned <u>affirms</u> the Special Master's finding that "neither of the parties to this action has a fear of the other's actions, and that each is using the order of protection to control and punish the other." This is a misuse of Tenn. Code Ann. § 36-3-601 *et seq*. This judge accordingly <u>dismisses</u> the orders of protection and all pending matters in those files. The costs in each file are taxed to the respective respondent.

As to numbered paragraph four of the Special Master's Findings and from a review of the parentage record as a whole, the undersigned <u>finds</u> that all matters touching upon parentage (file #97713) were resolved by the execution of an agreed permanent parenting plan. Various efforts were made by the parties touching upon the agreed permanent parenting plan subsequent to its entry, which efforts never should have been entertained by this court. Indeed, all co-parenting issues after establishment of paternity should have been referred to Knox Juvenile Court. These parties have never been married; their parenting issues lie properly before Knox County Juvenile Court, not this forum. The matters of parenting were entertained by Circuit Court Four in an unnecessary extension of courtesy to parties who had order of protection matters before the Special Master. Save for one more, extremely limited, child support matter, no further litigation will be entertained in this court in #97713, the parties' parentage file. The permanent parenting plan is the law of that case, which the parties may seek to alter, if they choose, in litigation before Knox Juvenile Court.

-4-

The final sentence of the Special Master's numbered paragraph four notes that the mother has an appeal pending of the Child Support Magistrate's 2009 ruling. That limited matter in file #97713 shall be heard by a recusal judge, if the mother chooses to pursue that appeal. Should she elect to do so, she shall have filed a new concise exception to the Magistrate's ruling by 29 April 2011. If she does not, the Magistrate's ruling shall be deemed confirmed 29 April 2011, without entry of further order.

The Special Master elected to serve without compensation. Accordingly, this judge's earlier order that she be compensated is rescinded and held for naught.

Lastly, (1) because of the vilification of this Court's Special Master by Roger Lee Neal—a Special Master esteemed and trusted by the undersigned; a Special Master who by choice held 26 days of hearings over 33 months wholly without compensation—and (2) because of Roger Lee Neal's admitted perjury committed 13 January 2010, the undersigned recuses himself hereafter from any and all consideration of any matters between these parties. As noted, after the conclusion of the limited matter set out in the first full paragraph above, any and all proceedings in #97713 are to take place hereafter in Knox Juvenile Court. All matters in files #97711 and #97727 have been dismissed with costs taxed.

Solely as to the possibly remaining limited matter in file #97713, this order constitutes an application by the undersigned to the Honorable Wheeler A. Rosenbalm, presiding judge for the Sixth Judicial District, to effect an interchange with a judge active within this district. If that is not possible, the parties shall immediately pursue with the presiding judge the possibility of interchange from a contiguous judicial district. If no such judge is available, the parties shall immediately ask the presiding judge to request from the Administrative Office of the Courts the designation of a judge by the Chief Justice.

Neal appeals.

## **Discussion**

Neal raises a host of issues on appeal. Hayes raises a separate issue related to costs in the Trial Court. We, however, discern one dispositive issue: whether the Trial Court erred in failing to grant Neal's motion to recuse before ruling on pending contested matters.

Initially, we observe that Neal failed to properly cite to the record throughout his brief as required by Tenn. R. App. P. 27(g).   In *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222 (Tenn. Ct. App. 2000), this Court observed that:

> *Pro se* litigants are entitled to fair and equal treatment. *See Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983). *Pro se* litigants are not, however, entitled to shift the burden of litigating their case to the courts. *See Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983). *Pro se* litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to. *See Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

*Whitaker*, 32 S.W.3d at 227.  Nevertheless, we will press forward as our resolution of the dispositive issue depends primarily on the unequivocal statements of the Special Master and Judge Swann.

In the case of *Bean v. Bailey*, 280 S.W.3d 798 (Tenn. 2009), our Supreme Court set forth the following discussion with regard to motions to recuse:

> Whether a trial judge should grant a motion for recusal is within the discretion of the trial judge. *Slavin*, 145 S.W.3d at 546.  Such a decision "will not be reversed unless a clear abuse [of discretion] appears on the face of the record." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001) (alteration in original).  "[A] trial court has abused its discretion only when the trial court has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." *State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006).

> Tennessee Supreme Court Rule 10, Canon 3(E)(1) states, "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party or a party's lawyer...." We have held that a recusal motion should be granted when "the judge has any doubt as to his or her ability to preside impartially in the case" or " 'when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.' " *Davis*, 38 S.W.3d at 564-65 (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)).  Even if a judge believes he can be fair and impartial, the judge should disqualify himself when " 'the judge's impartiality might be reasonably questioned' "   because "the

appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Id.* (quoting Tenn. Sup. Ct. R. 10, Canon 3(E)(1)).

*Bean*, 280 S.W.3d at 805.

In the instant case, both the Special Master and Judge Swann expressed an understandable lack of neutrality as to Neal in their findings and order, respectively. Historically, Tennessee judges essentially have been charged with initially "self-policing" with respect to whether or not they ought to recuse themselves for lack of neutrality in a matter and upon motion by a party. We find no fault with the Special Master or Judge Swann either for declaring their loss of neutrality or their loss of neutrality in the first place. On the contrary, our judicial recusal process has relied on such forthright admissions. We are troubled, however, by a special master or judge simultaneously declaring a lack of neutrality, asserting a need for recusal, and yet at the same time ruling on contested matters before him or her. Respectfully, once Judge Swann recognized and acknowledged his understandable lack of impartiality, he simply should have recused himself from these cases. Likewise, once the Special Master recognized and acknowledged her lack of impartiality, she should have recused herself from any further involvement in these cases.

Our decision is one we make reluctantly given the long and troubled history of these legal disputes between Neal and Hayes. We, however, see no other choice given the Special Master's and Judge Swann's acknowledgment that their recusal was necessary. Once a judge recognizes that his or her impartiality reasonably might be questioned, the Judge has no option but to disqualify himself or herself in the proceedings.

Public confidence in the neutrality of the judiciary is of paramount concern. Our judicial system requires judges to strive to eliminate even the perception of bias in our judges, even where none exists. Here the Honorable Judge Swann actually voiced his loss of neutrality in the same March 2011 order by which he decided numerous contested issues. Once Judge Swann decided he should recuse himself, he had to do just that. We vacate Judge Swann's March 2011 order and remand this cause to be heard before a neutral court.

## **Conclusion**

   The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for proceedings consistent with this Opinion. For the Child's protection, all child support and child custody provisions that have been in effect during the pendency of this appeal will remain unchanged until further orders of the Trial Court upon remand. The costs on appeal are assessed one-half against the appellant, Roger Lee Neal, and his surety, if any; and one-half against the appellee, Kelli Jean Hayes.

                _____
                D. MICHAEL SWINEY, JUDGE